THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:19-cv-23130

CARIDAD VASQUEZ,

    Plaintiff,

vs.

KRISPY KREME OF SOUTH FLORIDA, LLC,

    Defendant.
_____/

## COMPLAINT

Plaintiff, CARIDAD VASQUEZ ("Plaintiff"), by and through undersigned counsel, hereby files this suit against Defendant, KRISPY KREME OF SOUTH FLORIDA, LLC ("Defendant"), and states as follows:

### NATURE OF ACTION, JURISDICTION AND VENUE

1. This is a civil action for violation of the Family and Medical Leave Act, 29 U.S.C. § 2601, et. Seq. ("FMLA"). This Court has original federal question jurisdiction conferred by 28 U.S.C § 1331.

2. Venue of this action is proper pursuant to 28 U.S.C. § 1391(b) as the actions which are the subject of this Complaint occurred in Miami-Dade County, Florida, and all employment records relevant to this matter are maintained and administered within Miami-Dade County, Florida.

3. Plaintiff has retained the undersigned law firms to represent her individually and has incurred attorney's fees and costs in bringing this action.

1

## PARTIES AND GENERAL ALLEGATIONS

4. Plaintiff is a resident of Miami-Dade County, Florida, is over the age of eighteen and otherwise *sui juris*.

5. The Defendant is a Florida corporation, which at all times material hereto was and is doing business and did conduct business in Miami-Dade County, Florida.

6. Plaintiff became employed with Defendant in or about 2000 as an employee performing various tasks in Defendant's doughnut store.

7. Defendant owns several Krispy Kreme Doughnut franchises throughout Florida.

8. In all times material hereto, the Defendant was an "employer" within the meaning of the FMLA.

9. In all times material hereto, Plaintiff was an "eligible employee" within the meaning of the FMLA.

10. During her nineteen (19) years of employment with Defendant, Plaintiff performed her job functions and responsibilities in a manner that met or exceeded all of Defendant's legitimate expectations.

11. During her nineteen (19) years of employment with Defendant never received any written or verbal disciplinary actions in the performance of her job duties.

12. On May 10, 2019, Plaintiff informed her manager that due to an acute medical condition, she was required by her physician to undergo spinal surgery scheduled for June 6, 2019.

13. Also on May 10, 2019, Plaintiff's surgeon submitted a letter to the Defendant on Ms. Vasquez's behalf describing the required procedure, and requesting that the Company provide Ms. Vasquez with FMLA leave from June 3, 2019 through July 15, 2019, a period of 5.5 weeks.

14. However, instead of fulfilling its obligation to provide Ms. Vasquez with her requested leave, on May 19, 2019, Ms. Vasquez was called into her manager's office and summarily terminated.

15. Instead of providing Ms. Vasquez with a valid reason for her termination, the Company simply stated that it was changing its business model.

16. The Defendant's alleged reason for terminating Ms. Vasquez is pretextual.

17. After nineteen (19) years of service and seniority, the Defendant terminated Ms. Vasquez less than two (2) weeks after her request for FMLA leave.

18. Further, upon information and belief, while the Company terminated Ms. Vasquez, other employees with far less seniority have been permitted to remain employed.

19. Plaintiff has suffered severe financial and emotional burdens as a result of her unlawful termination.

20. Plaintiff has exhausted all administrative remedies, if any, and has fulfilled all conditions precedent to the institution of this action or said conditions have been waived.

## COUNT I – INTERFERENCE WITH PLAINTIFF'S FMLA RIGHTS

21. Plaintiff incorporates and realleges paragraphs 1 through 20 of this Complaint as though fully set forth herein.

22. Plaintiff worked at least 1,250 hours during the previous 12 months of employment with Defendant and was entitled to protection under the FMLA.

23. Defendant employed 50 or more employees within a 75-mile radius within 12 months before it terminated Plaintiff and Defendant was required to comply with the FMLA.

24. At all times relevant to the facts alleged in this Complaint, Plaintiff was entitled to FMLA leave benefits due to a serious health condition pursuant to 29 U.S.C. § 2612(a)(1)(D).

25. Plaintiff exercised or attempted to exercise her rights under the FMLA by requesting medical leave due to a serious health condition within one (1) month before her discharge.

26. Defendant failed to cooperate with Plaintiff in her attempt to exercise her FMLA rights, and otherwise interfered with Plaintiff's attempt to exercise her FMLA rights.

27. Defendant interfered with Plaintiff's rights under the FMLA in violation of 29 U.S.C. § 2615(a)(1) and 29 U.S.C. § 2615(a)(2).

28. Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference to Plaintiff's rights.

29. As a result of Defendant's violations, Plaintiff has been damaged, for which such damages include the wages, employment benefits, and other compensation denied or lost as a result of Defendant's violation and interests on such amounts.

WHEREFORE, Plaintiff demands:

a) The Court enter a judgment that Defendant interfered with Plaintiff's FMLA rights in violation of the FMLA;

b) Compensation for lost wages, benefits, and other remuneration;

c) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position with back pay plus interest;

d) Front pay;

e) Liquidated Damages;

f) Prejudgment interest on all monetary recovery obtained;

g) All costs and attorney's fees incurred in prosecuting these claims;

h) For such further relief as the Court deems just and equitable.

## COUNT II – INTERFERENCE WITH PLAINTIFF'S FMLA RIGHTS

30. Plaintiff incorporates and realleges paragraphs 1 through 20 of this Complaint as though fully set forth herein.

31. Plaintiff worked at least 1,250 hours during the previous 12 months of employment with Defendant and was entitled to protection under the FMLA.

32. Defendant employed 50 or more employees within a 75-mile radius within 12 months before it terminated Plaintiff and Defendant was required to comply with the FMLA.

33. At all times relevant to the facts alleged in this Complaint, Plaintiff was entitled to FMLA leave benefits due to a serious health condition pursuant to 29 U.S.C. § 2612(a)(1)(D).

34. Plaintiff exercised or attempted to exercise her rights under the FMLA by requesting medical leave due to a serious health condition within one (1) month before her discharge.

35. Defendant failed to cooperate with Plaintiff in her attempt to exercise her FMLA rights, and otherwise retaliated against Plaintiff following Plaintiff's attempt to exercise her FMLA rights.

36. Defendant retaliated against Plaintiff for attempting to exercise her rights under the FMLA in violation of 29 U.S.C. § 2615.

37. Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference to Plaintiff's rights.

38. As a result of Defendant's violations, Plaintiff has been damaged, for which such damages include the wages, employment benefits, and other compensation denied or lost as a result of Defendant's violation and interests on such amounts.

WHEREFORE, Plaintiff demands:

   a) The Court enter a judgment that Defendant retaliated against Plaintiff in violation of

   the FMLA;

b) Compensation for lost wages, benefits, and other remuneration;

c) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position with back pay plus interest;

d) Front pay;

e) Liquidated Damages;

f) Prejudgment interest on all monetary recovery obtained;

g) All costs and attorney's fees incurred in prosecuting these claims;

h) For such further relief as the Court deems just and equitable.

## **DEMAND FOR JURY TRIAL**

38. Plaintiff demands trial by jury of all issues so triable.


Dated:  July 29, 2019               Respectfully submitted,

                                    s/Jonathan S. Minick
                                    Jonathan S. Minick, Esq.
                                    FBN:  88743
                                    E-mail:  jminick@jsmlawpa.com
                                    Jonathan S. Minick, P.A.
                                    169 E. Flagler St., Suite 1600
                                    Miami, Florida 33131
                                    Phone: (786) 441-8909
                                    Facsimile: (786) 523-0610
                                    Counsel for Plaintiff